```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CHRIS KOSACHUK,                          :      19cv4844 (DLC)
                                         :
                     Plaintiff,          :      MEMORANDUM OPINION
                                         :          AND ORDER
          -v-                            :
                                         :
SELECTIVE ADVISORS GROUP, LLC,           :
                                         :
                     Defendant.          :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On August 2, NLG, LLC ("NLG") filed a motion to intervene in this declaratory judgment action. For the reasons that follow, the motion is granted.

Plaintiff Chris Kosachuk ("Kosachuk"), proceeding pro se, filed this declaratory judgment action on May 24, 2019 to vacate a 2012 Judgment by Confession. The 2012 Judgment by Confession was obtained against NLG, LLC ("NLG"); Kosachuk asserts that he is a third-party creditor, as well as the manager, of NLG. An Order of July 29 lifted the previously-entered stay in this case.

On August 1, NLG filed a motion to intervene as of right pursuant to Rule 24(a), Fed. R. Civ. P. On August 2, NLG filed an amended motion to intervene. The motion to intervene became fully submitted August 13, 2019.

Intervention as a matter of right is governed by Rule 24(a), which states in part:

> On a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a); see also Laroe Estates, Inc. v. Town of Chester, 828 F.3d 60, 66 (2d Cir. 2016), vacated on other grounds, 137 S. Ct. 1645 (2017). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Id. (citation omitted).

NLG's motion to intervene as of right is granted. NLG timely filed its motion to intervene on August 2, less than three months after Kosachuk filed the complaint and only four days after the stay was lifted in this case. The defendant has not shown that it will be prejudiced by permitting NLG to intervene. At the time NLG properly filed its motion, the defendant had not yet answered the complaint or filed a motion to dismiss. Moreover, the defendant had notice of NLG's intent to join this litigation as early as July 5, when NLG's attorney first filed a motion for admission pro hac vice on behalf of NLG.

Second, NLG has a direct interest in this action. NLG is the judgment debtor to the 2012 Judgment by Confession, the

validity of which is the subject of this case.  Third, the disposition of this matter may impair or impede NLG's ability to protect its interests and seek vacatur of the 2012 Judgment by Confession.

Finally, NLG has shown that its interest in this case may not be adequately represented by Kosachuk.  Although the ordinarily "minimal" burden to demonstrate inadequacy of representation is more rigorous where the intervening party and the named party have the "same ultimate objective," see Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179 (2d Cir. 2001), in this case Kosachuk is proceeding pro se.

## Conclusion

NLG's August 2 motion to intervene is granted.

SO ORDERED:

Dated:   New York, New York
         August 26, 2019

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　United States District Judge