UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
CHRIS KOSACHUK,                           :          19cv4844 (DLC)
                                          :
                            Plaintiff,    :          OPINION AND ORDER
                                          :
NLG, LLC,                                 :
                                          :
                            Intervenor,   :
                                          :
              -v-                         :
                                          :
SELECTIVE ADVISORS GROUP, LLC,            :
                                          :
                            Defendant.    :
                                          :
-----------------------------------------X

APPEARANCES:

For the plaintiff:
Chris Kosachuk, pro se
854 Pheasant Run Road
Westchester, PA 19382
(305) 490-5700

For the intervenor:
Juan Ramirez, Jr.
ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
(305) 667-6609

For the defendant:
Nicole A. Sullivan
Thomas E. Butler
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(212) 631-4420

DENISE COTE, District Judge:

On May 24, 2019, Chris Kosachuk ("Kosachuk"), proceeding pro se, brought this action against Selective Advisors Group, LLC ("Selective"). Following substantial litigation in New York state court and in federal courts in Florida and New York, Kosachuk seeks a declaration that a judgment by confession entered by the New York Supreme Court in 2012 ("2012 Judgment") is void ab initio.

On August 16, Selective filed a motion to dismiss Kosachuk's complaint, asserting, among other things, that this Court lacks subject matter jurisdiction over Kosachuk's claims and that the complaint is time-barred. Because this Court lacks jurisdiction to invalidate the 2012 Judgment, Selective's motion to dismiss the complaint is granted.

## Background

The following facts are taken from the complaint and the documents attached to the complaint and are assumed to be true for the purposes of this motion. The Court also takes judicial notice of the existence of certain motions, judicial decisions, and other public filings submitted with Selective's motion to dismiss.

NLG, LLC ("NLG") is a Delaware limited liability company.[1] Kosachuk founded NLG in 2002 and has continuously served as the sole manager of the company since its inception. Kosachuk also asserts he is a creditor of NLG, having issued loans to NLG at various times during the past nineteen years.

On February 22, 2012, the New York Supreme Court entered a judgment by confession in the amount of $5 million ("2012 Judgment") against NLG in favor an entity named 9197-5904 Quebec, Inc. ("Quebec").[2] An affidavit in support of the 2012 Judgment was executed by Raymond Houle ("Houle"). Although Houle was at the time the president of Quebec, he professed in the affidavit to act on behalf of NLG. Houle's affidavit confessed to judgment for torts of fraud and abuse of process.

For nearly two years, Quebec took no action to enforce the 2012 Judgment. On April 21, 2014, however, Quebec domesticated the 2012 Judgment in Florida. Weeks later, on May 5, 2014, Quebec assigned the 2012 Judgment to Selective.

---

[1] NGL moved to intervene in this case pursuant to Rule 24, Fed. R. Civ. P., on August 2, 2019. Its motion was granted. See Kosachuk v. Selective Advisors Group, LLC, No. 19cv4844(DLC), 2019 WL 4014730 (S.D.N.Y. Aug. 26, 2019).

[2] New York's Civil Practice Law and Rules permit an entry of judgment by confession in certain circumstances. See N.Y. C.P.L.R. § 3218.

NLG and Kosachuk have admitted in their motion papers and at other times in this litigation that the 2012 Judgment is final and non-appealable.  Nonetheless, for the past five years they have sought, unsuccessfully, to vacate the 2012 Judgment on the grounds that it was procured by fraud and in violation of due process.  On May 8, 2014, for example, NGL filed in the New York Supreme Court a proposed order to show cause why the 2012 Judgment should not be vacated nunc pro tunc pursuant to § 5015 of the New York Civil Practice Law and Rules, which permits "[t]he court which rendered a judgment or order [to] relieve a party from it . . . upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." N.Y. C.P.L.R. § 5015(a)(3).[3]  NLG's May 8, 2014 motion was accompanied by an affidavit signed by Kosachuk, which asserts that the 2012 Judgment was fraudulent because Houle was not authorized to confess to a judgment on behalf of NLG.  The New York Supreme Court denied NLG's motion on June 6, 2014, as it had been "abandoned for more than a month."  NLG did not appeal the June 6 Order, which was marked a "final disposition."

---

[3] On March 13, 2013, Kosachuk stated in an affidavit filed in a related proceeding before the Court of Common Pleas of Chester County, Pennsylvania, "It has just come to my attention that [Quebec] by and through its counsel, Mr. Marzec, recorded a judgment by confession against [NLG] in the amount of $5,000,225.00 in New York."  (Emphasis omitted.)

Following the denial of its May 8, 2014 motion, NLG filed a new motion on June 25, 2014 in New York Supreme Court to vacate the 2012 Judgment.  After several adjournments, the New York Supreme Court stayed that motion on May 18, 2015 due to Selective's Chapter 7 bankruptcy petition, which was ultimately dismissed with prejudice on August 28, 2015.  Since then, NLG and Kosachuk have filed -- and in many cases abandoned -- various motions in New York Supreme Court to restore the June 25, 2014 motion and to vacate the 2012 Judgment.[4]  For example, NLG moved for such relief on November 16, 2015; its motion was denied due to the "nonappearance" of either NLG or Selective at the scheduled hearing.  It moved again for such relief on June 20, 2018; its motion was denied as moot when Selective attempted to remove the case to federal court.[5]  And Kosachuk himself moved for the same relief four more times on May 16, May 23, June 3, and July 2, 2019; each of those motions were denied pursuant to

---

[4] NLG and Kosachuk have continued to press their claims even though, on September 4, 2015, Selective filed a satisfaction of judgment with the New York Supreme Court.  The satisfaction of judgment states that, on September 1, 2015, Selective "accepted a partial payment that is hereby deemed as payment in full satisfaction of the judgment."

[5] NLG and Kosachuk opposed the removal of the case to federal court.  Following a conference on March 29, 2019, the Court granted NLG and Kosachuk's joint motion to remand the case to the New York Supreme Court for further proceedings.  See Order Granting Remand, 9197-5904 Quebec, Inc. v. NLG, LLC, No. 19cv29(DLC) (S.D.N.Y. Mar. 29, 2019), ECF No. 46.

Kosachuk's request to withdraw them in favor of this federal action, which he filed on May 24, 2019.[6]

In this declaratory judgment action, Kosachuk and NLG seek vacatur of the 2012 Judgment. Kosachuk filed a motion for summary judgment on July 2, 2019. Following a conference of July 12, an Order stayed this case pending resolution of Kosachuk's fully submitted motions in state court for relief from the 2012 Judgment. On July 25, however, Kosachuk filed a letter indicating that "Justice Schlomo Hagler has concluded the proceedings before him by approving my July 15, 2019 Notice of Withdraw [sic]."[7] Accordingly, an Order of July 29 lifted the

---

[6] NLG, Kosachuk, and Selective have also litigated the validity of the 2012 Judgment in an adversary proceeding in the U.S. Bankruptcy Court for the Southern District of Florida, and most recently in a virtually identical declaratory judgment action before the U.S. District Court for the Southern District of Florida. On October 31, 2017, the Bankruptcy Court issued an Opinion giving full faith and credit to the 2012 Judgment, since it was "final and not subject to appeal." In re Hazan, No. 16-10389(BKC)(AJC), at *2 (S.D. Fla. Bankr. Oct. 31, 2017). NLG's appeal of that Opinion was dismissed by the U.S. District Court for the Southern District of Florida on September 18, 2019. NLG, LLC v. Hazan, No. 18cv24272(RS) (S.D. Fla. Sept. 18, 2019). Following that dismissal, NLG moved on September 23, 2019 to lift the stay that had previously been entered in its declaratory judgment action before the U.S. District Court for Southern District of Florida.

[7] Justice Hagler signed several orders on July 22, 2019 stating that NLG's motions are "withdrawn as the movant has sought relief before the Federal Court (J. Cote) which has familiarity with this case." Justice Hagler's orders further state, "Much of the litigation has been before the Federal Court, not before this Court."

stay in this case and set a briefing schedule for Kosachuk's
July 2 motion for summary judgment and Selective's anticipated
motion to dismiss the complaint.  Those motions became fully
submitted on August 30 and September 6, respectively.  On
September 26, NLG notified this Court that it would not file a
separate brief in opposition to the motion to dismiss; instead,
it adopted in full the arguments raised in Kosachuk's memorandum
of law.

## Discussion

"[A] claim is properly dismissed for lack of subject matter
jurisdiction under Rule 12(b)(1) when the district court lacks
the statutory or constitutional power to adjudicate it."
Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir.
2008) (citation omitted).  In reviewing a motion to dismiss
under Rule 12(b)(1), a court "must accept as true all material
factual allegations in the complaint, but [is] not to draw
inferences from the complaint favorable to plaintiffs."  J.S. ex
rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir.
2004).  To resolve jurisdictional issues, courts may consider
evidence outside of the pleadings, such as affidavits, but may
not rely on "conclusory or hearsay" statements contained in
those documents.  Id.  Similarly, a "court may take judicial
notice of a document filed in another court not for the truth of

7

the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (citation omitted).

> [W]here the defendant moves for dismissal under Rule
> 12(b)(1), as well as on other grounds, the court
> should consider the Rule 12(b)(1) challenge first
> since if it must dismiss the complaint for lack of
> subject matter jurisdiction, the accompanying defenses
> and objections become moot and do not need to be
> determined.

United States ex rel. Kirk v. Schindler Elevator Corp., 601 F.3d 94, 102-03 (2d Cir. 2010) (citation omitted), rev'd on other grounds, 563 U.S. 401 (2011). Here, Selective moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. Because the Rooker-Feldman doctrine deprives this Court of jurisdiction to adjudicate Kosachuk and NLG's claims, Selective's motion is granted and this case is dismissed.

The Rooker-Feldman doctrine, named after Rooker v. Fidelity Trust Co. and District of Columbia Court of Appeals v. Feldman,[8]

---

[8] Rooker v. Fidelity Tr. Co. was a suit commenced in federal district court to have a judgment of a state court "declared null and void" on the grounds that the judgment was rendered in contravention of the Contracts Clause of the U.S. Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. 263 U.S. 413, 414-15 (1923). In District of Columbia Court of Appeals v. Feldman, parties unsuccessful in the District of Columbia Court of Appeals (the District's highest court) brought a federal-court action against the very court that had rejected their applications. 460 U.S. 462, 468-73 (1983).

"established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Sung Cho v. City of New York, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). The doctrine "emerged as a response to complaints that invited federal courts of first instance to review and reverse unfavorable state-court judgments." Id. (citation omitted). Because federal district courts are granted only original -- and not appellate -- jurisdiction, compare 28 U.S.C. § 1331, with 28 U.S.C. § 1257(a), cases that function as de facto appeals of state-court judgments are jurisdictionally barred. Sung Cho, 910 F.3d at 644.

In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., the Supreme Court clarified that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Accordingly, the Second Circuit has established the following four-part test to determine whether Rooker-Feldman applies:

> (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the

> plaintiff must invite district court review and
> rejection of that judgment; and (4) the state-court
> judgment must have been rendered before the district
> court proceedings commenced.

Sung Cho, 910 F.3d at 645.

Two of these requirements merit further discussion. First, the Supreme Court has explained that a federal-court plaintiff is not a "state-court loser" merely because, for purposes of preclusion law, he could be considered in privity with a party to the state-court judgment. Lance v. Dennis, 546 U.S. 459, 466 (2006). The Court declined to address "whether there are any circumstances, however limited, in which Rooker-Feldman may be applied against a party not named in an earlier state proceeding." Id. at 466 n.2. As an example, it suggested that a narrow privity analysis may be appropriate "where an estate takes a de facto appeal in a district court of an earlier state decision involving the decedent." Id.[9]

---

[9] Prior to the decision in Lance, the Second Circuit endorsed a limited application of privity in the Rooker-Feldman doctrine. See Hoblock v. Albany Cnty. Bd. of Elecs., 422 F.3d 77, 92 (2d Cir. 2005) (finding privity under federal law where the plaintiffs were merely "pawns" or "tools" of the state-court losers). While the Second Circuit has not addressed extent to which Hoblock has survived Lance, courts in this district have endorsed a narrow privity analysis to determine whether the federal-court plaintiff is a "state-court loser." See, e.g., Gould v. Airway Office, LLC, No. 15cv7964(PAE), 2016 WL 3948102, at *4 (S.D.N.Y. July 19, 2016).

Second, when evaluating whether the federal-court
plaintiff's injuries were caused by a state-court judgment, the
Second Circuit has "never recognized a blanket fraud exception
to Rooker-Feldman."  Kropelnicki v. Siegel, 290 F.3d 118, 128
(2d Cir. 2002) (citation omitted).  This is so even where, as in
Kropelnicki, the state-court judgment is a default judgment
allegedly procured by fraud without notice to the defendant.
Id. at 128-29.  If adjudication of a claim in federal court
"would require the court to determine that the state court
judgment was erroneously entered or was void," or "would
effectively declare the state court judgment fraudulently
procured and thus void," Rooker-Feldman bars the federal-court
claim.  Id. at 129.

Kosachuk and NLG's declaratory judgment action is, in
substance, an appeal from the 2012 Judgment.  Kosachuk and NLG
lost in state court and bring this complaint for injuries caused
by the entry of the 2012 Judgment.  They admit that the 2012
Judgment is final and non-appealable, and that it was rendered
before these proceedings commenced.  Having failed to obtain
vacatur of the 2012 Judgment on appeal or by a motion in New
York state court pursuant to § 5015 of the New York Civil
Practice Law and Rules, Kosachuk and NLG ask this Court to
declare the 2012 Judgment void ab initio and to strike it from
the record nunc pro tunc.  Applying the Second Circuit's four-

part test under Rooker-Feldman, this Court lacks jurisdiction to adjudicate their request.

Kosachuk argues that Rooker-Feldman cannot apply to him because, unlike NLG, he was not a party to state-court action when the 2012 Judgment was entered.  Citing Lance, he asserts that Rooker-Feldman does not bar actions by nonparties even if those parties were in privity with a state-court loser.  While Kosachuk is correct that Rooker-Feldman does not bar an action by nonparties "simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment," Lance, 546 U.S. at 466, the Court's decision in Lance does not prohibit the application of Rooker-Feldman here.

None of the factors that the Court identified in Lance counsel against applying Rooker-Feldman to bar Kosachuk's claims.  Kosachuk is the founder and manager of NLG.  He controls NLG and has directed NLG's attempts to vacate the 2012 Judgment for years.  In support of this effort, Kosachuk has submitted numerous affidavits on behalf of NLG, including in 2014 when NLG's first motion to vacate the 2012 Judgment was denied.  He has also brought (and abandoned) motions in state court in his own name seeking the same relief described in this action.  Simply put, there is no claim that Kosachuk "did not participate in [the state-court litigation]," or that he was not in a position to ask the state court to review the 2012

Judgment.  Id. (citation omitted).  For the purposes of Rooker-Feldman, Kosachuk is in privity with the party that lost in state court.  See Hoblock v. Albany Cnty. Bd. of Elecs., 422 F.3d 77, 92 (2d Cir. 2005).

Even if this Court had jurisdiction to invalidate a final and non-appealable judgment of the New York Supreme Court, NLG and Kosachuk's claims would be dismissed on other grounds. Kosachuk filed this complaint more than seven years after the 2012 Judgment was entered and more than six years after he claims to have learned of it.  Kosachuk and NLG's claims are barred by the statute of limitations applicable under New York law.  See N.Y. C.P.L.R. § 213(8); Weinstein v. Pollack, 617 N.Y.S. 2d 344, 346 (App. Div. 2d Dept. 1994) (statute of limitations for action to vacate judgment by confession governed by N.Y. C.P.L.R. § 213(8)).[10]

Kosachuk makes much of the fact that, despite more than seven years of litigation, not one court has ruled on the merits of his or NLG's motion to vacate the 2012 Judgment.  But,

---

[10] When a plaintiff brings an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to declare his entitlement to some affirmative relief, "his suit is time-barred if the applicable limitations period has run on a direct claim to obtain such relief.  What determines the applicable limitations period is the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Action had not been adopted."  118 East 60th Owners, Inc. v. Bonner Props., Inc., 677 F.2d 200, 202 (2d Cir. 1982).

assuming that is true, Kosachuk and NLG bear much responsibility for making it so. Three times now Kosachuk and NLG have abandoned their motions in the New York Supreme Court for relief from the 2012 Judgment. Kosachuk's most recent state-court motions to vacate were fully submitted and had been the subject of a recent hearing at the time he voluntarily withdrew them in favor of this declaratory judgment action. As noted above, § 5015 of the New York Civil Practice Law and Rules permits the New York Supreme Court to relieve a party from a New York judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." See N.Y. C.P.L.R. § 5015(a)(3). Kosachuk and NLG's failure to follow through with this remedy does not authorize such relief in federal court.

## Conclusion

Selective's August 16, 2019 motion to dismiss is granted. Kosachuk's July 2, 2019 motion for summary judgment is denied as moot. The Clerk of Court is directed to close the case.


SO ORDERED:

Dated:    New York, New York
          September 30, 2019

_____
DENISE COTE
United States District Judge


14