```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CHRIS KOSACHUK,                          :         19cv4844 (DLC)
                                         :
                        Plaintiff,       :         ORDER
                                         :
NLG, LLC,                                :
                                         :
                        Intervenor,      :
                                         :
            -v-                          :
                                         :
SELECTIVE ADVISORS GROUP, LLC,           :
                                         :
                        Defendant.       :
                                         :
-----------------------------------------X
```

An Opinion of September 30, 2019 granted Selective Advisors Group, LLC's motion to dismiss this action, holding that this Court lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, or, in the alternative, because this action is time-barred.  Kosachuk v. Selective Advisors Grp., LLC, 2019 WL 4805742, at *1 (S.D.N.Y. Sept. 30, 2019).  A subsequent order denied Chris Kosachuk's motion for reconsideration.  Kosachuk v. Selective Advisors Grp., LLC, 2019 WL 5965217, at *1 (S.D.N.Y. Nov. 13, 2019).

On September 15, 2020, the Second Circuit Court of Appeals vacated in part and affirmed in part the September 30 Order dismissing the case.  Kosachuk v. Selective Advisors Grp., LLC, 2020 WL 5523521, at *3 (2d Cir. Sept. 15, 2020).  The Court of Appeals held that, although the Rooker-Feldman doctrine did not deprive this Court of jurisdiction, this action was nonetheless

untimely.  Id. at *2-3.  The Court of Appeals remanded the action to this Court with instructions to dismiss the case as untimely.  Id. at *3.  The mandate returning jurisdiction to this Court was issued on October 8, 2020.

Under New York law, a plaintiff must bring "an action based upon fraud" within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. 213(8).  Kosachuk seeks to void a New York state court judgment entered in February 2012 on the basis that the judgment was fraudulently obtained.  Kosachuk was aware of that judgment by at least March 13, 2013.  Nevertheless he did not file this action until May 24, 2019, long after the statute of limitations had lapsed.  Accordingly, this action is time-barred.  It is hereby

ORDERED that this action is dismissed.  The Clerk of Court is directed to close this case.

SO ORDERED:

Dated:   New York, New York
         October 14, 2020

_____
DENISE COTE
United States District Judge